UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWNDRELL DORSEY,

        Petitioner,                       Hon. Paul L. Maloney

v.                                             Case No. 4:05-CV-150

KENNETH McKEE,

        Respondent.
_____/

### REPORT AND RECOMMENDATION

        This matter is before the Court on Dorsey's petition for writ of habeas corpus. In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, the undersigned recommends that Dorsey's petition be **denied**.

### BACKGROUND

        As a result of an incident which occurred on or about February 12, 2003, Petitioner was charged with armed robbery, possession of a firearm during the commission of a felony, being a felon in possession of a firearm, bribery of a witness, and carrying a concealed weapon. (Plea Transcript, June 10, 2003, 8-18). Petitioner was also charged with being an habitual offender, fourth offense. (Tr. 11). Pursuant to a plea agreement, Petitioner agreed to plead guilty to armed robbery and possessing a firearm during the commission of a felony. (Tr. 11). In return, the prosecution

agreed to dismiss the remaining charges identified above, as well as a charge of resisting and obstructing a police officer brought against Petitioner as a result of a separate incident. (Tr. 11-12). The prosecution also agreed to recommend that Petitioner receive a sentence at the "lowest" end of the recommended guideline range. (Tr. 12).

Consistent with the plea agreement, Petitioner was sentenced to serve 9-25 years in prison on the armed robbery conviction, as well as two years (to be served consecutively) on the conviction for possessing a firearm during the commission of a felony. (Sentencing Transcript, July 14, 2003, 13-14). Petitioner appealed his conviction to the Michigan Court of Appeals asserting the following claim:

> I. The trial court abused its discretion when it denied defendant-appellant's pre-sentence motion to withdraw his guilty plea.

The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Dorsey*, No. 255060, Order (Mich. Ct. App., June 3, 2004). Asserting the following claims, Petitioner moved in the Michigan Supreme Court for leave to appeal:

> I. The trial court abused its discretion when it denied defendant-appellant's pre-sentence motion to withdraw his guilty plea.
>
> II. Was appellate counsel ineffective for failing to raise meritorious issues on direct appeal, where such issue would have had high probability of having appeal granted, therefore, denying defendant-appellant his Sixth Amendment right to effective assistance of counsel on appeal.

The court denied Petitioner's request for leave to appeal, stating that "we are not persuaded that the questions presented should be reviewed by this Court." *People v. Dorsey*, No. 126611, Order (Mich., Dec. 29, 2004). On December 22, 2005, Petitioner initiated the present

action in which he asserts the following claim:

> I. The trial court abused its discretion when it denied defendant-appellant's pre-sentence motion to withdraw his plea of guilty.

## STANDARD OF REVIEW

Dorsey's petition, filed December 22, 2005, is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), as it amended 28 U.S.C. § 2254. The AEDPA amended the substantive standards for granting habeas relief under the following provisions:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA has "modified" the role of the federal courts in habeas proceedings to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Pursuant to § 2254(d)(1), a decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a

question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also, Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

Prior to *Williams*, the Sixth Circuit interpreted the "unreasonable application" clause of § 2254(d)(1) as precluding habeas relief unless the state court's decision was "so clearly incorrect that it would not be debatable among reasonable jurists." *Gordon v. Kelly*, 2000 WL 145144 at *4 (6th Cir., February 1, 2000); *see also*, *Blanton v. Elo*, 186 F.3d 712, 714-15 (6th Cir. 1999). The *Williams* Court rejected this standard, indicating that it improperly transformed the "unreasonable application" examination into a subjective inquiry turning on whether "at least one of the Nation's jurists has applied the relevant federal law in the same manner" as did the state court. *Williams*, 529 U.S. at 409.

In articulating the proper standard, the Court held that a writ may not issue simply because the reviewing court "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams,* 529 U.S. at 411. Rather, the Court must also find the state court's application thereof to be *objectively* unreasonable. *Bell*, 535 U.S. at 694; *Williams*, 529 U.S. at 409-12. Accordingly, a state court unreasonably applies clearly established federal law if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular. . .case" or "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Lancaster*, 324 F.3d at 429 (quoting *Williams*, 529 U.S. at 407).

Furthermore, for a writ to issue, the Court must find a violation of Supreme Court authority. The Court cannot look to lower federal court decisions in determining whether the relevant state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law. *See Harris v. Stovall*, 212 F.3d 940, 943-44 (6th Cir. 2000).

Pursuant to 28 U.S.C. § 2254(d)(2), when reviewing whether the decision of the state court was based on an unreasonable determination of the facts in light of the evidence presented, the factual findings of the state court are presumed to be correct. *See Warren v. Smith*, 161 F.3d 358, 360 (6th Cir. 1998) (citing 28 U.S.C. § 2254(e)(1)). Petitioner can rebut this presumption only by clear and convincing evidence. *Id.*

## **ANALYSIS**

Petitioner claims that because his guilty plea was "involuntarily and unintelligently rendered under duress," the trial court improperly denied his motion to withdraw his guilty plea.

A guilty plea is valid if it is made "knowingly, voluntarily, and intelligently." *United States v. Dixon*, 479 F.3d 431, 434 (6th Cir. 2007) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)); *see also*, *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994) (to be valid, a guilty plea must be made "voluntarily and intelligently," with "knowledge of the 'relevant circumstances and likely consequences"). Determining whether a plea satisfies this standard requires "an evaluation of all the relevant circumstances surrounding the plea." *Dutton*, 17 F.3d at 153. To prevail on his claim, Petitioner must demonstrate "such a strong degree of misunderstanding, duress, or misrepresentation by the court, prosecutor, or his own counsel that his plea would become a constitutionally inadequate basis for imprisonment." *Ray v. Cockrell*, 2003 WL 22070892 at *3 (N.D. Tex., Feb.

27, 2003) (citing *Blackledge v. Allison*, 431 U.S. 63, 75 (1977)); *Thomas v. Cain*, 2007 WL 2874778 at *13 (W.D. La., Sept. 7, 2007) (same).

It must also be noted that in the context of a petition for writ of habeas corpus, "the state generally satisfies its burden [of establishing the voluntariness of the plea] by producing a transcript of the state court proceeding," because the "factual findings of a state court that the plea was proper generally are accorded a presumption of correctness." *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). Only if the transcript "is inadequate to show that a plea was voluntary and intelligent" does this presumption fail to apply. *Id.* at 327.

Petitioner claims that his guilty plea was the product of "pressure" exerted by his family. Petitioner offers no evidence that he was pressured by his family to plead guilty in this matter. Petitioner has failed even to describe the "pressure" which his family allegedly exerted on him in this matter.

Petitioner further claims that he pleaded guilty as the result of "threats" made by his defense counsel. Specifically, Petitioner asserts that his attorney called him a liar and informed him that he would be found guilty if he went to trial. Judging by the evidence presented at the preliminary examination, this was a reasonable conclusion. The victim of the crime described the robbery in detail and identified Petitioner as her assailant. (Preliminary Hearing, March 5, 2003, 4-15). Another witness testified that Petitioner offered to pay her money in return for false testimony providing Petitioner with an alibi. (Tr. 24-52). Finally, a police officer testified that during an interview, Petitioner admitted to robbing the victim. (Tr. 52-62). Moreover, considering that Petitioner could have been sentenced to life in prison for committing armed robbery, *see* Mich. Comp. Laws § 750.529, the recommendation that Petitioner plead guilty in return for a sentence at

the "lowest" end of the recommended guideline range was also quite reasonable.

Before accepting Petitioner's plea, the trial judge engaged in a lengthy discussion with Petitioner regarding the nature of the crimes with which he had been charged, including the potential punishment if convicted thereof, as well as the precise nature of the rights he was surrendering by pleading guilty. (Plea Transcript, June 10, 2003, 8-15). Petitioner acknowledged on the record that he understood that by pleading guilty he was surrendering the following rights: (1) the right to a trial, either by the court or a jury, (2) the right to be presumed innocent until proven guilty beyond a reasonable doubt, (3) the right to have the witnesses against him appear at trial, (4) the right to question the witnesses against him, (5) the right to compel the attendance at trial of any witness on his own behalf, (6) the right to remain silent at trial, (7) the right to not have any such silence used against him at trial, and (8) the right to testify at trial. (Tr. 8-15). The Court further notes that Petitioner's acknowledgment of guilt - made on the record - was clear and without equivocation. (Tr. 16-19).

The Court finds that there exists no evidence supporting Petitioner's claim that his plea was not made knowingly, intelligently, and voluntarily. Accordingly, the Court concludes that this particular claim is without merit and cannot form the basis for habeas relief.

## **CONCLUSION**

For the reasons articulated herein, the undersigned concludes that Petitioner is not being confined in violation of the laws, Constitution, or treaties of the United States. Accordingly, the undersigned recommends that Dorsey's petition for writ of habeas corpus be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of

Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                    Respectfully submitted,

Date: April 9, 2008                    /s/ Ellen S. Carmody
                                        ELLEN S. CARMODY
                                        United States Magistrate Judge